23 C.C.P.A.(Patents)

### In re GOERKE et al.

**Patent Appeal No. 3610.**

Court of Customs and Patent Appeals.
April 29, 1936.

Sydney I. Prescott, of New York City (Joseph Shea, of New York City, of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The application for patent here involved contains twenty claims, no one of which has had consideration upon its merits by the tribunals of the Patent Office. The application, serial No. 724,150, which was filed in the United · States Patent Office May 5, 1934, recites: "This invention re- lates to hand operated wrapping machines which fold wrappers about articles of ir- regular shape such as loaves of bread or about packages of rectangular cross-sec- tion such as cartons, etc., and seal the wrapper thereabout."

It appears from "Letter of Examiner, Aug. 18, 1934" (a part of the record), that, on August 1, 1934, the examiner made a ruling which required division between claims 1–19 on the one hand and claim 20 on the other; that appellants traversed the requirement; that the matter was re- ferred to the examiner of classification, who held the requirement for division prop- er, and that the primary examiner, stat- ing, "The inventions are distinct and in- dependent, separately classified and searched," repeated the requirement for division and made his decision thereon final.

It was elected on behalf of applicants not to make the division required by the examiner's final decision but to take an appeal to the Board of Appeals solely up- on that question. The Board of Appeals affirmed the decision of the examiner, and the instant appeal to this court followed.

The relationship between claims 1–19 and claim 20 is well shown by comparing claim 3 with claim 20. These read as fol- lows:

"3. In a hand operated wrapping ma- chine, the combination with manually op- erable means for drawing a web of wrap- ping material from a roll and severing a wrapper from the web, of devices for supporting the severed wrapper in a hor- izontal position, spaced swingable tuckers above said devices, a lefter arranged to move an article upwardly between said de- vices and tuckers to drape the wrapper about three sides of the article and tuck the wrapper down over the ends of the article, a horizontally movable slide, a bot- tom folder and a pair of spaced end folders on said slide adapted when moved toward the article while said lifter is in an elevated position to fold one end of the wrapper under the bottom of the article and fold the forward side flaps of the wrapper over said tuckers, respectively, a heated sealer table arranged to wipe the skirt of the wrapper under the bottom of the partially wrapped article when the lat- ter is pushed thereover and heat seal the bottom seam so formed, spaced stationary folders on said table adapted to complete the folding of the end flaps of the par-

tially wrapped article when the latter is pushed therebetween, a pusher on said slide adapted to advance the partially wrapped article onto said table and between said stationary folders, spaced cam rails on said pusher adapted to lift said tuckers up from the partially wrapped article, sealing plates beyond said stationary folders to heat seal the overlapped end flaps of the wrapper, and cooling plates beyond said sealing plates, said means including *a pair of coacting feed rollers operative to draw the web from a roll and feed it into position to be severed, a gear train for driving said rollers, a stationary ledger plate, a movable knife opposite said ledger plate and a handle connected to said gear train and knife so that when the handle is depressed the web is fed by said rollers and when the handle is raised the web is severed by said knife.*" (Italics ours.)

"20. Means for drawing a web of wrapping material from a roll and severing a web therefrom comprising a pair of coacting feed rollers operative to draw the web from the roll and feed it into position to be severed, a gear train for driving said rollers, a stationary ledger plate, a movable knife opposite said ledger plate, and a handle connected to said gear train and knife so that when the handle is depressed the web is fed by said rollers and when the handle is raised the web is severed by said knife."

It will be observed that the mechanical device described in claim 20 is, in substance, the same as that described in the italicized portion of claim 3, and that it constitutes a combination complete within itself. In the statement of the examiner it is said: "Claims 1 to 19 inclusive are drawn to article wrapping mechanism. Claim 20 covers a web feeding and cutting device. These devices have long been recognized as covering subject matter of separate and distinct inventions."

A number of patents were cited by the examiner to show the independence of the subject-matter of the invention.

An examination of our decision in the case of In re Lester Ferenci, 83 F.(2d) 279, 23 C.C.P.A.(Patents) ——, rendered April 6, 1936, will disclose a striking analogy between certain issues of that case and the issue here. What was there said in comparing claim 13 of the Ferenci application with his claim 47 applies with equal force to the claims under comparison here, and obviously the decision here must be the same as that with respect to claim 47 there, viz., that the subject-matter of appellants' claim 20 "does not define an invention so related to or dependent upon the combination as a whole as to warrant including the same in the same application with the other claims * * *."

The decision of the Board of Appeals is affirmed.

Affirmed.